**SO ORDERED.**

**DONE and SIGNED August 12, 2024.**



_____
JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE

---

**United States Bankruptcy Court**
**Western District of Louisiana**
**Shreveport Division**

| | | |
|---|---|---|
| IN RE:<br>CHARLES D. YOUNG | §<br>§<br>§<br>§ | Case Number: 24-10242<br><br>Chapter 13 |

### ORDER CONFIRMING CHAPTER 13 PLAN

It having been determined after at least twenty-eight (28) days' notice to all creditors, and no objection to confirmation or valuation having been timely filed, or if filed, having been overruled, resolved or withdrawn:

That the Chapter 13 Plan ("**Plan**") complies with all applicable provisions of 11 U.S.C. § 101, et seq. (the "**Code**");

That any fee, charge, or amount required under Chapter 123 of Title 28 of the United States Code or by the Plan to be paid before confirmation has been paid;

That the Plan has been proposed in good faith and not by any means forbidden by law;

That the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would be paid on such claim if the estate was liquidated under Chapter 7 of the Code on such date;

That the Plan provides that the holders of secured claims who have not accepted the Plan shall retain their liens until the earlier of the payment of the underlying debt determined under non bankruptcy law or discharge under Code § 1328; and if this case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value, as of the effective date of the Plan, of property to be distributed under the

Plan on account of secured claims whose holders have not accepted the Plan is not less than the allowed amount of those claims; and as to holders of secured claims who have not accepted the Plan, if property to be distributed pursuant to the Plan is in the form of periodic payments, such payments will be in equal monthly amounts; and if the holder of the claim is secured by personal property, the amount of such payments will not be less than the amount sufficient to provide to the holder of such claim adequate protection during the period of the Plan; or Debtor(s) will surrender the property securing such claim to such holder;

That Debtor(s) will be able to make all payments under the plan and to comply with the plan;

That the action of Debtor(s) in filing the petition was in good faith;

That Debtor(s) has (have) paid all amounts that are required to be paid under a domestic support obligation that first became payable after the date of the filing of the petition, if Debtor(s) is (are) required by a judicial or administrative order or by statue to pay such;

That Debtor(s) has (have) filed all applicable tax returns as required by Code § 1308;

That no objection to confirmation or valuation has been timely filed, or if so, that Debtor(s) will pay under the Plan, all projected disposable income of Debtor(s) for the applicable commitment period, to be applied to payments to unsecured creditors under the Plan;

That confirmation of the Plan and the valuation set forth therein have been recommended by the Standing Chapter 13 Trustee; and

That, consistent with the provisions of Code § 1322(a)(2), the Plan provides for the full payment, in deferred cash payments, of attorney's fees allowed by this Order and the holder of such administrative claim has agreed to accept payment pursuant to the payment sequence below.

**IT IS THEREFORE ORDERED** that:
1. **Confirmation.** The Plan is confirmed.

2. **Valuation.** The value of the collateral for secured claims, if the Plan provides for such, is set at the amount(s) consistent with the provisions set forth in the Plan.

3. **Payment Sequence.** Unless the Court enters an Order providing for a different payment sequence, to conform with the requirements of Code § 1325(a)(5)(B)(iii)(I), the Trustee must follow the payment sequence set forth below from payments received by the Trustee. Each numbered paragraph in subparagraph (b) is a level of payment. At the time of any disbursement, if there are insufficient funds on hand to pay any allowed claim in full, claims with a higher level of payment shall be paid any unpaid balance owed, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to claimants within that level on a pro-rata basis.
   **(a)** The Trustee shall collect the percentage fee currently due from all payments under the Plan. See, 28 U.S.C. § 586(e).
   **(b)** The Trustee must distribute-
      **(1)** payment due under Code § 1326(a)(1)(C) (conduit adequate protection), if the Plan provides for such, which payment shall continue in equal monthly amounts

post-confirmation until the Trustee has satisfied all claims due under Code § 1326(b)(1);
- **(2)** payment of conduit ongoing monthly mortgage payments of the kind specified in Code § 1322(b)(2), if the Plan provides for such, for all such payments that become due after the commencement of the case and for each month thereafter in equal monthly amounts;
- **(3)** payment due under Code § 1326(a)(1)(B) (conduit lease payment), if the Plan provides for such, and continue each month thereafter;
- **(4)** payment due under Code § 1326(b)(1) (administrative claims), if the Plan provides for such, which payment shall commence as soon as practicable following confirmation until paid in full. If excess funds remain on hand after paying claims with a higher level of payment, then, unless otherwise provided in the Plan or this confirmation order, any excess funds on hand shall be paid toward allowed administrative claims, including any attorney's fee due under the Plan;
- **(5)** payment to the holders of allowed secured claims (exclusive of an arrearage claim), if the Plan provides for such, in the respective amounts shown in the Plan as confirmed or as later modified, and pursuant to Code § 1325(a)(5)(B)(iii)(I), such payments shall continue for each consecutive month thereafter until said claim is paid in full;
- **(6)** payment of home mortgage arrears, if the Plan provides for such;
- **(7)** payment of specially classified claims, if the Plan provides for such, which payment shall be paid in the manner provided in the Plan;
- **(8)** payment of claims entitled to priority under Code § 507, if the Plan provides for such, provided that in any event payment of such claims shall comply with Code § 1322(a)(2) and (4);
- **(9)** payment of any remaining funds, pro rata to holders of allowed non-priority, unsecured claims; and
- **(10)** payment of any debt or claim not addressed by this confirmation order, in accordance with the Plan and applicable laws.

4. **Attorney's Fees.** Attorney's fees are allowed in the amount set forth in the Plan, unless a greater amount is allowed by separate Order, and must be paid by the Trustee pursuant to the sequence of payments set forth above.

5. **Restrictions on Incurring Debt.** Debtor(s) shall not incur any non-emergency consumer debt, including the refinancing of real property debt or purchases on credit exceeding $1,000.00, without the written approval of the Trustee or order of the Court.

6. **Restrictions on Disposition of Property.** Debtor(s) shall not sell, dispose of, or transfer any property without the written approval of the Trustee or order of the Court.

7. **Claim Amount vs. Plan Amount for Sections 3.3 or 4.4 of the Plan.** Unless otherwise ordered by the court, to the extent Sections 3.3 or 4.4 of the Plan apply, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amounts listed in Sections 3.3 or 4.4 of the Plan.

8. **Tax Returns and Refunds.** Within 10 days after a tax return is filed with a taxing authority, Debtor(s) must provide to the Trustee a copy of each federal and state income tax return required by law with respect to each tax year of Debtor(s) ending while the case is pending. From tax refunds received while the case is pending, unless the Plan provides otherwise, Debtor(s) may

retain the greater of: (a) monies credited for federal Earned Income Credit; or (b) $500.00. The term "Debtor" includes and refers to both spouses in a joint case. For the sake of clarity, in a joint case, joint Debtors may keep, as a minimum, an aggregate of $500 (i.e. joint Debtors shall not retain $500 for each Debtor). Unless: (i) the Plan provides otherwise, or (ii) the Trustee notifies the Debtor(s) in writing to the contrary, Debtor(s) must turn over to the Trustee the remainder of the federal and/or state tax refund(s) within 14 days of receipt of said refund(s) while the case is pending, including refunds received after the commencement of the case for periods arising before the commencement of the case. Unless the Plan provides otherwise, the plan base shall be increased by the amount of the tax refund(s) administered by the Trustee. Nothing contained herein shall prohibit Debtor(s) from filing a motion seeking authorization to retain all or any portion of such tax refunds upon a showing that the amount to be retained is reasonably necessary to be expended.

9. **Deadline for Secured Creditors to File Deficiency Claim.** Unless the court orders otherwise, a secured creditor whose collateral is surrendered must amend a timely filed proof of claim to assert a deficiency, if any, within 120 days (240 days if the collateral includes immovable property) after the later of: (a) the date the collateral is surrender by Debtor(s) or (b) the date of the entry of this Order. If a deficiency claim is not timely filed, the surrender of the collateral shall constitute full satisfaction of the debt owed to such creditor.

10. **Insurance Proceeds Constituting Cash Collateral.** Unless the court orders otherwise, insurance proceeds that constitute cash collateral under Code § 363(a) will be administered by the Trustee only to the extent set forth in the Trustee's procedures posted on his website.

11. **Sanctions.** **THE VIOLATION BY DEBTOR(S) OF ANY PROVISION OF THIS ORDER OR THE PLAN MAY RESULT IN DISMISSAL OF THE CASE, DENIAL OF DISCHARGE OR OTHER SANCTIONS.**

###